IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALEXANDER RODRIGUEZ,           )
        Petitioner,            )     Crim.Case No.:97-98-5(HL)
                               )
                               )     JURISDICTION
vs.                            )     28 USC § 2241
                               )     Rule 8, Fed R. Civ. P.
                               )     Rule 12, Fed R. Civ. P.
UNITED STATES OF AMERICA,      )
        Respondent.            )     ARTICLE III
                               )
_____)

## TIMELY NOTICE OF PRESERVATION OF BLAKELY/BOOKER CLAIM

COMES NOW, Petitioner, pro-se, as his own counsel, pursuant to the Supreme Court standard Haines v. Kerner, 404 U.S. 519 (1972).

By the present timely NOTICE, Petitioner makes his claim in order to preserve his United States v. Booker, 545 ___, 160 L.Ed. 2d 621, 641, 125 S.Ct. 738 (2005), announced on January 12, 2005, adopting the Rule in Winship which Petitioner believes announced a New Rule of constitutional law applicable to Petitioner's present case.

> The 1996 Antiterrorist Act, (AEDP), Placed a one year limitations period on filing initial and second successive 28 U.S.C. § 2255 motion for relief on the basis on newly recognized rule of law 28 U.S.C. § 2255 ¶6(3)¶8(2). See also Dodd v. United States, 545 U.S. ___, 162 L.Ed. 2d 349-50, 125 S.Ct. 2478 (2005). The limitations period in ¶6(3) applies to all Petitions under Section § 2255 initial as well as second successive Petition under Section §2255 ¶8(2). See Dodd, supra.

Since the Supreme Court has been silent in the retroactivity of Jones/Apprendi/Blakely/Booker by (1) declaration, (2) by application of the Rule to habeas cases, or (3) through multiple holdings which necessarily dictate retroactivity of the new Rule (based on Aprendi's due process and In re Winship's Sixth Amendment right to jury trial with respective beyond a reasonable doubt proof standard), and the

(1)

Antiterrorist Act places a one year limitation for Timely filing to avoid procedural bar according to **Dodd**, supra. Petitioner hereby gives this Honorable "Timely Notice" of his intent to preserve his constitutional right to be a beneficiary of any/all relief when, and if, the Supreme Court announces the retroactivity of the cases above mentioned as far as they apply to his criminal case.

Petitioner will not enumerate his particular claims until he is allowed to filed by the Court because at this time claim are foreclosed by the present Circuit Court precedent.

Based on the foregoing, Petitioner respectfully requests this Honorable Court to grant him a "Timely preservation of the Blakely/Booker new Rule of constitutional law or give him notice when he is allowed to proceed further on the application of the Rule to this particular circumstances.

Date:                                    Respectfully Submitted,

12-30-2005                               (s) *Alexander Rodriguez*
                                         **ALEXANDER RODRIGUEZ**
                                         FBOP# 14800-069
                                         Federal Satellite Low
                                         2650 Hwy 301 South
                                         Jesup GA.  31599-5676

## Certificate of Service

I hereby certify that four (4) copies of the forgoing has been deposited in the Prison Mail Box for the U.S. Mail with adequate postage thereon and properly addressed to the Clerk of the U.S. District Court of Puerto Rico, Federico Degetau Federal Bldg., 150 Carlos Chardon, Room 150, Hato Rey, Puerto Rico  00918-1767.

Thus done and signed on this 30th day of December, 2005 under penalty of perjury pursuant to Title 28, U.S.C. Section 1746 at the Federal Satellite Low in Jesup, Georgia, U.S.A.

(s) *Alexander Rodriguez*
ALEXANDER RODRIGUEZ
Petitioner, In Proper Person

**AFFIRMATION**

I do declare and affirm that the facts in the foregoing "NOTICE OF PRESERVATION OF BLAKELY/BOOKER-FANFAN CLAIM" are true with respect and under the prospective of positive evidence.

I do declare and affirm that the record provides proof that the Supreme Court's cancellation of P.L. 98-473 defects the U.S. Marshals' and the Bureau of Prison's rights to carry out a judgment against the prisoner.

I do declare and affirm that the record provides proof that there is no severance clause in the Act of Congress, P.L. 98-473, that mandated the U.S.S.G., that the Supremes made void in **BOOKER**.

I do declare and affirm that the law prior to P.L. 98-473, U.S.S.G., being effect January 11, 2005, pursuant to Supreme Court notice, means sentence calculations falls under prior law. Title 18 U.S.C.S. Chapter 227 1987 edition, Chapter 311 and others returned to effective application a controlling law governing sentences. That prior law controlling at the time of sentence, any time between November 1, 1987 and January 12, 2005, means Federal Bureau of Prisons is required to correct all the sentences it has executed previously, which they failed to do so for over the last twelfth months.

Petitioner declares and affirm that the review of this case should be by an Article III Judge and does not consent nor waives his right if that review is assigned to non-article III Judge by the court.

I have read the foregoing and state that it is true and correct.

Signed under the penalty of perjury
pursuant to 28 USC § 1746 this 30th
day of December 2005.

(s) *Alexander Rodriguez*
ALEXANDER RODRIGUEZ
FBOP# 14800-069
Federal Satellite Low
2650 Hwy 301 South
Jesup   GA   31599-5676

(4)