UNITED STATES OF AMERICA      JUDGMENT IN A CRIMINAL CASE

v.

(For Offenses Committed On or After November 1, 1987)

ALEXANDER RODRIGUEZ-MIRANDA
AKA: ALEX   *19800-069*    Case Number: 97-98-5    (HL)

**(Name of Defendant)**

MAX PEREZ PRESTON, ESQ.
Defendant's Attorney

**THE DEFENDANT:**

[X]   pleaded guilty to count _____ FIVE (5) _____

[ ]   was found guilty on counts _____ after a plea of not
     guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the
following offenses:

| Tittle & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC § 846,841(a) (1) & 18 USC § 2 | Aiding and abetting in attempting to possess cocaine with intent to distribute. | 05-09-97 | 5 |

     The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The
sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) _____
     and is discharged as to such count(s).

[X]   Remaining Counts _____ are dismissed on the motion of the United States.

[X]   It is ordered that the defendant shall pay a special assessment of $ 100.00 _____,
     for count ___ Five (5) _____, which shall be due [X] immediately [ ] as follows.

     **IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for
this district within 30 days of any change of name, residence, or mailing address until all
fines, restitution, cost, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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 _____

Defendant's Date of Birth: 10-16-74 _____

Defendant's Mailing Address:

Via #2 PR 532, Villa Fontana
Carolina, P.R.    00984

Defendant's Residence Address:
SAME AS ABOVE

June 23, 1998
Date of Imposition of Sentence

Signature of Judicial Officer

HECTOR M. LAFFITTE, US DISTRICT JUDGE
Name & Title of Judicial Officer

June 30, 1998
Date

usual att. & cs. issued on 7/1/98

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

FCI-A

Defendant: ALEXANDER RODRIGUEZ-MIRANDA
      AKA: ALEX
Case Number: 97-98-5 (HL)

Judgment-Page ___2___ of ___4___

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED AND EIGHTY EIGHT (188) MONTHS TO BE SERVED CONCURRENTLY WITH THE SENTENCE IMPOSED IN CR. 97-11 (PG).

Having considered the defendant's financial condition, a fine is not imposed.

[ ]    The Court makes the following recommendations to the Bureau of Prisons:

[X]    The defendant is remanded to the custody of the United States Marshal.
[ ]    The defendant shall surrender to the United States Marshal for this district,

    [ ]    at _____ a.m. p.m. on _____.

    [ ]    as notified by the Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    [ ]    before 2 p.m. on _____.

    [ ]    as notified by the United States Marshal.

    [ ]    as notified by the Probation Office.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this
Judgment.

Certified to be a true and correct copy
of the original
FRANCES RIOS DE MORALES, CLERK
U.S. District Court for the
District of Puerto Rico

By: _____
    Deputy Clerk

Date: _____

_____
United States Marshal

By _____
    Deputy Marshal

AO 245 S (3/88) Sheet 2 - Imprisonment

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___ FIVE (5) YEARS TO BE SERVED UNDER THE FOLLOWING TERMS AND CONDITIONS:

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[ ]   The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[ ]   The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[X]   The defendant shall not possess a firearm or destructive device.

[X]   The defendant shall refrain from the unlawful use of controlled substances and submit to a drug test within 15 days of release on supervised release, at least 2 periodic tests thereafter and whenever requested by the U.S. Probation Officer. If any such samples detect substance abuse, the defendant, at the discretion of the U.S. Probation Officer, participate in a substance abuse treatment program arranged and approved by the U.S. Probation Officer until duly discharged by authorized program personnel with the approval of the U.S. Probation Officer.

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:



1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: ALEXANDER ROL.....GUEZ-MIRANDA
AKA: ALEX
Case Number: 97-98-5 (HL)                          Judgment-Page __4__ of __4__

### STATEMENT OF REASONS

[ ]   The court adopts the factual findings and guideline application in the
      presentence report.

                                        OR

[X]   The court adopts the factual findings and guideline application in the
      presentence report except (see attachment, if necessary):


**Guideline Range Determined by the Court:**

      Total Offense Level: _____35_____

      *Criminal History Category: _____IV_____

      Imprisonment Range: ____235____ to ___293___ months

      Supervised Release Range: __at least 5_____ years
      However, the Court will lower defendant's Criminal History
      Category from IV to II since it is overepresented. Therefore, the
      guideline range is now from 188 to 235 months.

      Fine Range  $ __20,000.00__ to $ __4,000,000,__

            [X]   Fine is waived or is below the guideline range, because of the
                  defendant's inability to pay.

      Restitution: $ _____

            [ ]   Full restitution is not ordered for the following reason(s):


      The sentence is within the guideline range, that range does not exceed 24
      months, and the court finds no reason to depart from the sentence called for by
      application of the guidelines.

                                        OR

[X]   The sentence is within the guideline range, that range exceeds 24 months, and
      the sentence is imposed for the following reason(s):
      Given defendant's participation in the overall offense, a sentence at the lower
      end of the U.S. Sentencing Guideline Range meets the punishment and deterrent
      factors in this case.


                                        OR
The sentence departs form the guideline range

            [ ]   upon motion of the government, as a result of defendant's substantial
                  assistance.

            [ ]   for the following reason(s):


AO 245 S (Rev. 4/90) Sheet 7 - Statement of Reasons