### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>    v.<br><br>**ALEXANDER RODRIGUEZ MIRANDA,**<br>    aka "ALEX,"<br><br>    Defendant. | **Criminal No. 97-098 (HL)** |

### UNITED STATES OF AMERICA'S RESPONSE TO
### DEFENDANT'S MOTION FOR RECONSIDERATION

TO THE HONORABLE COURT:

COMES NOW the United States of America, through the undersigned attorneys, and very respectfully states, alleges, and prays as follows:

1. On March 27, 2006, the defendant, Alexander Rodríguez Miranda (hereinafter "the defendant"), *pro se*, filed a Motion Requesting Court Order to Correct Pre-Sentence Report, which was denied by this Court on April 19, 2006.

2. In response, the defendant filed a Motion for Reconsideration Pursuant to Fed. R. Cv. Proc. 60(a) & Fed. R. Cv. Proc. 59(e) Article III, whereby he argues that the Bureau of Prisons has refused to transfer him to a camp due to an incorrect statement in the presentence report. Thus, the defendant requests that this Court order the U.S. Probation Office to amend the report so as to reflect that the defendant's Criminal History Category was lowered from IV to II when the Judgment was issued.

3. According to 18 U.S.C. §3621(b), the Bureau of Prisons shall designate the place of

the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–

>(1) the resources of the facility contemplated;
>
>(2) the nature and circumstances of the offense;
>(3) the history and characteristics of the prisoner;
>(4) any statement by the court that imposed the sentence–
>>(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>(B) recommending a type of penal or correctional facility as appropriate; and
>
>(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

4.      In designating the place of imprisonment or making transfers under said subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.  See 18 U.S.C. §3621(b).

5.      Primary authority to designate a defendant's manner and place of confinement at any stage during execution of his prison sentence rests with the Bureau of Prisons, not with the Court. See U.S. v. Morales-Morales, 985 F.Supp. 229, 231 (D.P.R.1997).

6.      Moreover, the Prison Litigation Reform Act (PLRA) provides that no action shall be brought with respect to prison conditions under section 1983 of Title 42, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted.  See 42 U.S.C. § 1997e(a).

7. The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  See Porter v. Nussle, 534 U.S. 516, 532 (2002).

8. The BOP administrative remedy procedure is codified in 28 C.F.R. §542.10, et seq., and provides formal review of any complaint which relates to any aspect of the inmate's confinement.  This process requires that inmates first attempt informal resolution of their complaints by presenting an issue of concern informally to staff, and that staff attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy.  See 28 C.F.R. § 542.13.

9. If informal resolution is insufficient to resolve the matter, the inmate may file a formal written Administrative Remedy Request with the Warden (BP-9) within twenty (20) days of the date on which the basis of the complaint occurred.  See 28 C.F.R. § 542.14.  If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director (BP-10).  If the inmate is dissatisfied with the regional response, he or she may file an Appeal with the General Counsel (BP-11).  Appeal to the General Counsel is the final administrative appeal in the BOP.  See 28 C.F.R. § 542.15.

10. One of the major tenets behind the exhaustion requirement is the recognition that an agency should be given the opportunity to take corrective action in matters of administering its programs prior to reaching the federal court. Exhaustion affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case.  In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.  See Porter, *supra*, at 517.

11. Once administrative remedies are exhausted, prisoners may seek judicial review of the BOP's designation of a correctional facility by filing a habeas corpus petition under 28 U.S.C. § 2241. See Rogers v. U.S., 180 F.3d 349, 357 (1st Cir. 1999). A Section 2241 petition is a civil proceeding in which a prisoner may (1) challenge the manner in which his sentence is being executed; (2) challenge the revocation of his parole; or (3) claim he is being held after the expiration of his sentence. *Id*, at 357; Chambers v. United States, 106 F.3d 472, 474 (2nd Cir. 1997); Martorana v. United States, 873 F.2d 283, 285 (11th Cir. 1989).

12. A review of the BOP administrative remedy data system revealed that the defendant has not exhausted the administrative remedy procedure. Specifically, the defendant failed to appeal the Regional Director's decision before the General Counsel. As set forth above, appeal to the General Counsel is the final administrative appeal in the BOP. See 28 C.F.R. § 542.15. Since the defendant failed to complete the administrative procedure, the government submits that this Court lacks jurisdiction to entertain the defendant's request.

13. Notwithstanding, if this Court were to conclude that the administrative remedies have been exhausted, the government submits that this matter should have been filed as a petition for relief pursuant to Section 2241, and not as a motion under the original criminal case. Therefore, the defendant's Motion for Reconsideration should be denied.

14. In light of the above, we respectfully move the Court to deny the defendant's Motion for Reconsideration, as he is not entitled to relief under the applicable statutes, case law and BOP policies. As the government has shown, the defendant failed to exhaust administrative remedies; and even if he had exhausted the available remedies, the defendant used an inappropriate vehicle to

challenge the denial of the transfer.

**WHEREFORE**, the United States of America respectfully moves this Court to deny the defendant's Motion for Reconsideration Pursuant to Fed. R. Cv. Proc. 60(a) & Fed. R. Cv. Proc. 59(e) Article III.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on this 10th day of May, 2006.

H.S. GARCIA
United States Attorney

*s/ Sonia Torres*
Sonia Torres
USDC No. 209310
United States Attorney's Office
Chardón Tower, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Tel: (787) 766-5656
Fax: (787) 766-5398
Email: sonia.torres@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of May, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the defendant, Alexander Rodríguez Miranda.

*s/ Sonia Torres*
Assistant United States Attorney